JAMES J. WARNER, Esq. CSBN 63137
Law Offices of James J. Warner
3233 Third Avenue
San Diego, CA 92103
(619) 243-7333

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN MICHAEL FITCH,<br><br>Defendant. | CASE NO.: 08cr1834-BTM<br><br>NOTICE OF MOTION AND MOTION FOR DISCOVERY, EXCULPATORY EVIDENCE (BRADY) AND INSPECTION<br><br>Date: 7/25/08<br>Time: 3:30 p.m. |

TO: KAREN P. HEWITT , UNITED STATES ATTORNEY AND HER AUTHORIZED ASSISTANT, SHERRI W. HOBSON:

PLEASE TAKE NOTICE that on July 25, 2008, at the hour of 3:30 p.m., or as soon thereafter as counsel may be heard, Defendant SHAUN MICHAEL FITCH, by and through his attorney of record, James J. Warner, will move this Court to enter an Order directing the United States Attorney to furnish the Defendant with all discovery pursuant to Federal Rules of Criminal Procedure 16, 17(c) and 57(b).

MOTION

The Defendant, SHAUN MICHAEL FITCH, by and through counsel, pursuant to Rules 16, 17(c) and 57(b) of the Federal Rules of Criminal Procedure, the due process clause of the Fifth Amendment

and the general supervisory power of this Court, moves this Court to enter an Order directing the United States Attorney to furnish this following information to the Defendant forthwith:

STATEMENTS

1. All statements of Defendant, whether recorded or unrecorded, oral or written, signed or unsigned, which are relevant to the instant case:

(1) made to government agents, either with or without the Defendant's knowledge that such persons were government agents at the time he made the statements;

(2) made to persons other than government agents who are potential witnesses in this case;

(3) made to persons other than government agents, whom the government does not intend to call as witnesses in this case;

2. All statements of any indicted or unindicted co-conspirator or co-Defendant, whether recorded or unrecorded, oral or written, signed or unsigned, which are relevant to the instant case:

(a) prior to Defendant's arrest; and

(1) made to government agents, either with or without knowledge that such persons were government agents at the time of the statements;

(2) made to persons other than government agents, who are potential witnesses in this case;

(3) made to persons other than government agents, whom the government does not intend to call as witnesses in this case.

TANGIBLE AND DOCUMENTARY EVIDENCE

3. Any and all pictures, slides, films, videotapes, photographs, photographic arrays, tape recordings and the like that were taken by, or are in the possession of the government which pertains to the alleged criminal activities of Defendant or which have been used for investigative purposes, such as for display to prospective witnesses.

4. Any document, in the possession of any, government agency, if such documents relate to this investigation of the Defendant or his alleged criminal activities or any other person named or referred to in the indictment, including but not limited to copies of all subpoenaed documents.

These requests for tangible and documentary evidence material to the case which would prove useful to the Defendant in preparing his defense and which the government may not offer into evidence includes, but is not limited to, all evidence obtained from witness information on this case.

These requests include any item which the government intends to use in proving the charges in the indictment regardless of whether such evidence is intended to be introduced during the government's case-in-chief, during its rebuttal case, or in cross-examination of defense witnesses, or which were obtained from or belong to Defendant or his agents. This request includes documents or tangible evidence material to the case which would prove useful to the Defendant in preparing his defense and which the government may not offer into evidence.

SCIENTIFIC AND OTHER REPORTS

5. Any and all written or oral reports, or copies thereof which are within the possession or custody of the United States Attorney or are available to the United States.

6. All business records which the government intends to introduce at trial.

GOVERNMENT WITNESS AND INFORMANTS

7. The names and addresses of any and all witnesses to the transactions alleged in the Indictment, who may be able to provide any favorable, exculpatory, or mitigative evidence, whether or not the government intends to call such witness at trial;

8. The names and addresses of all witnesses to the transactions alleged in the indictment, including, but not limited to any informants, whom the government does not intend to call in this case;

9. Copies of all statements made by witnesses in this case, whether or not the government intends to call such witness, which are in the possession, custody, or control of the government.

10. The names and addresses of all witnesses the government intends to call at trial, and in connection therewith, set forth the following:

(a) The witness' prior criminal record, including arrests and convictions;

(b) Any and all letters, memoranda, agreements, stipulations, or transcripts concerning any form of immunity granted, or promises made, to any such witness by the Government.

If oral, provide a memorandum of any such promise or understanding.

(c) Any and all reports, memoranda and correspondence by and/or between any witness and any law enforcement agency, or employees thereof, which might reasonably reflect on the witness' motive for testifying or cooperating with the Government.

(d) Any and all investigations into or prosecutions of, any witness' conduct which might reasonably provide a motive for the witness' cooperation.

(e) Any and all agreements, memoranda, and/or transcripts relating to a lesser plea for any offense, withdrawal of an indictment or promise of assistance or leniency.

(f) Any and all threats expressed or implied, direct or indirect, or other coercion made or directed against any witness, including but not limited to, criminal prosecutions, investigations, or potential prosecution pending or which could be brought against the witness, or other pending or legal disputes or transactions with the government over which Defendants have a real, apparent, or perceived influence.

11. The name and address of any government informant who supplied any information in connection with this case, or who in any manner aided the government in the instant investigation, including, but not limited to, the following:

(a) Any and all records and information revealing prior felony convictions, convictions for any crime involving false statements or dishonesty, or juvenile adjudications attributed to any informant.

(b) Any and all records or information revealing prior misconduct or bad acts conducted by any informant.

(c) Any and all consideration given to any informant or expected or hoped for by the informant. By "consideration" the defense refers to anything, whether bargained for or not, which arguably could be of value or use to this informant including but not limited to, leniency, favorable treatment or recommendation or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil liability, court of claims, administrative or other dispute with the government or other parties associated with the government. "Consideration" also encompasses any favorable treatment or recommendation with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, rewards of fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program", former status of witnesses or anything else that may arguably reveal an interest, motive, or bias in the government or against the defense or act as an inducement to testify or to color testimony.

(d) Any and all threats expressed or implied, direct or indirect, or other coercion made or directed against any informant, including but not limited to, criminal prosecutions, investigations, or potential prosecution pending or which could be brought against the informant or other pending or legal disputes or transactions with the government over which Defendant has a real, apparent or perceived influence.

(e) The names and criminal numbers of any and all other criminal cases, whether state or federal, in which any informant has been involved either as an informant or as a

Defendant.

(f) Any and all other records or information in the possession of the government which could in any manner aid the defense in impeaching any informant, including, but not limited to, any personal bias or dislike which any informant may harbor toward any of the Defendants in this case.

(g) All exculpatory material which is contained in government informant files for each potential government witness. Defendant believes that the government maintains informant files in which virtually every conversation or contact with informants is memorialized. These memos will produce exculpatory evidence and impeachment material.

Defendant is agreeable to in camera viewing of these files by the court.

12. Any and all information, in whatever form, having any tendency whatsoever to exculpate the Defendant, whether through an indication of his innocence or through the potential impeachment of any government witness; any and all information which may be or may become a benefit to the Defendant in preparing for or presenting the merits of his defense of his innocence at trial.

13. Provide all statements required to be produced in accordance with 18 U.S.C. Section 3500, including, but not limited to handwritten or other informal notes of interviews.

14. Provide Defendant with all information in the possession of the government regarding Defendant's arrest.

15. All material relating to similar acts or events of the Defendant which the government proposes to use during the

course of the trial.

16. Any and all further relevant discovery which comes into the possession, knowledge, or control of the government subsequent to the entry of the orders requested or during the course of the trial.

17. Any information which the government has in its possession which might fall within the Brady doctrine.

As grounds for the foregoing requests, counsel for the Defendant states that the Defendant is without sufficient knowledge of the facts concerning the alleged criminal acts to fully prepare a defense. The information which is sought herein is material to the preparation of the defense, is within the provisions of Rule 16, Federal Rules of Criminal Procedure, or, alternatively, within the discretion of this Court to grant. Such information as is sought herein is within the particular knowledge of the government. Nor can it be obtained by means other than legal process. Disclosure of the information sought will be no way prejudice or hinder the legitimate prosecution position of the government.

A denial of any information sought herein would deny the Defendant his right to effective assistance of counsel guaranteed by the Sixth Amendment of the Constitution of the United States.

The Defendant further requests that the Court include in the Order, issued pursuant to this motion, the notation that if subsequent to compliance with said Order, and prior to or during trial, the United States Attorney discovers additional material previously requested or ordered which is subject to discovery of inspection under Federal Rules of Criminal Procedure, Rule 16, he

will promptly notify counsel for the Defendant of the existence of such additional materials.

WHEREFORE, the Defendant respectfully moves this Honorable Court for an Order directing the United States Attorney provide the defendant to the above-referenced information and for such other relief as the Court may deem appropriate.

DATED: July 15, 2008 Respectfully submitted,

s/James J. Warner
Attorney for Defendant
SHAUN MICHAEL FITCH

JAMES J. WARNER, Esq. CSBN 63137
LAW OFFICES JAMES J. WARNER
3233 Third Avenue
San Diego, CA 92103
(619)243-7333

Attorney for Defendant
SHAUN MICHAEL FITCH

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08cr1834-BTM |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY, EXCULPATORY EVIDENCE (BRADY) AND INSPECTION |
| v. | ) | |
| SHAUN MICHAEL FITCH, | ) | |
| | ) | |
| Defendant. | ) | Date: 7/25/08 |
| _____________________________ | ) | Time: 3:30 p.m. |

**I**

**<u>A. STATEMENTS OF DEFENDANT</u>**

**<u>AND/OR CO-DEFENDANTS</u>**

Rule 16 of the Federal Rules of Criminal Procedure clearly establishes a defendant's right to discover his own confessions or statements. Rule 16(a)(1). Statements of co-defendants which were made during the course of the conspiracy are likewise discoverable, since for all practical purposes, such statements become statements of the defendant himself. See, eg., <u>United States v. Agnello</u>, 367 F.Supp. 444 (D.C.N.Y. 1973); <u>United States v. Fine</u>, 413 F.Supp. 740 (D.C.Wis 1976); <u>United States v. Thevis</u>, 84 F.R.D. 47 (E.D. Tenn. 1979). This includes the right to inspect and copy verbatim transcripts of any statements made by the

defendant to any government agent, as well as any written summary of a defendant's statements which are contained in an agent's report or memorandum. United States v. Scharf, 267 F.Supp. 19 (S.D.N.Y.) 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). See also, United States v. Morrison, 43 F.R.D. 516 (N.D. Ill. 1967); United States v. Salsedo, 477 F.Supp. 1235 (E.D. Cal. 1979).

The rationale for allowing discovery of informal statements, admissions or even casual remarks which relate to the alleged crime and which are available in internal reports differs in no real way from the rationale which supports the rule allowing discovery of formal statements or confessions. The evidence in either case can be used against the defendant, and his counsel must know what this evidence is in order to adequately represent a client. See, e.g., United States v. Fancher, 195 F.Supp. 448, (D.Conn. 1967) wherein the Court stated:

> "It is my considered opinion that the time of the statement is not the important element; rather, the relevancy of any statement and a showing of some need by a defendant should be the determining factors." Id. at 456, n.17.

The practical result and prejudicial effect of non discovery of the defendant's chance remarks, admission or comments as reported in an internal memorandum of report was well explained by the Court in United States v. Morrison, supra:

> "...the spirit of Rule 16(a)(1) could easily be evaded if the government were able to conceal these reports from the defendant. Rule 16 was designed to liberalize the Court's powers in regard to the grant of pretrial discovery. Were we to deny a request for this material, we can foresee the day when government agents would make it their practice

> to summarize their interviews, rather than to record them verbatim, in an effort to avoid discovery. The philosophy under- lying Rule 16, in our judgment, applied equally to verbatim statements and summaries thereof." United States v. Morrison, supra, at 519.

Certainly, a chance remark or comment which is reported in the internal report is not a "summary" of a formal statement. But such a distinction is without a difference when viewed pragmatically and in light of the purposes of Rule 16(a)(1).

Surreptitiously recorded conversations of a defendant are likewise "statements", discoverable under Rule 16. Davis v. United States, 413 F.2d 1226 (5th Cir. 1969); United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

In Bailleaux, the government had failed to produce to defense counsel discovery of a taped conversation between defendant Bailleaux and a business associate. This tape was introduced into evidence after the defendant had testified on his own behalf, for the purpose of impeachment.[1]

The Ninth Circuit, noting "the government's obligation under Rule 16 to provide the defendant with all relevant recorded statements", held that the tape was relevant and should have been disclosed. Bailleaux, supra, at 1113 (emphasis in original). This duty was not mitigated by the fact that the government had only received the tape the night before it was used; nor that the government was unaware of the relevance of the tape for purposes of

---

[1] It is interesting to note that, in Bailleaux, the government's purpose in introducing the taped conversation was to show that defendant Bailleaux had failed to mention an alleged business trip to his associate. Thus, it was defendant's omission, rather than his statement, which truly impeached him.

impeachment until after the defendant had testified. In rejecting these assertions, the court noted:

> "Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the government is in doubt, the written or recorded statement should be disclosed, if a proper request is made." [emphasis added] Id. at 1114.

**B. DEFENDANT'S PRIOR CRIMINAL RECORD.**

A request is made for defendants' prior criminal record, if any, since that official information is available solely to the prosecution and its police agencies. Such information, if it exists, could be used for impeachment of the defendants if they take the stand. Due process requires that information which is easily accessible to the government and which is relevant to the trial be provided to the defense absent a compelling government interest to the contrary. Furthermore, such information is expressly discoverable pursuant to Rule 16(a)(1)(b) of the Federal Rules of Criminal Procedure.

**C. DOCUMENTS AND TANGIBLE EVIDENCE.**

All documents and tangible evidence requested are discoverable pursuant to Federal Rules of Criminal Procedure 16(a)(1)(c) and (d).

**D. INFORMATION REGARDING GOVERNMENT WITNESSES.**

Effective confrontation and cross-examination at trial require that these records be produced. Prior convictions are admissible for impeachment purposes, and these convictions may be proved conclusively only by certified copies of conviction. These

documents can be obtained only from the Clerk of Court in the jurisdiction where the conviction occurred. Pretrial access to the FBI arrest and conviction record is necessary to provide information upon the basis for which these documents may be obtained.

Defendant submits that this evidence constitutes exculpatory material within the meaning of Brady v. Maryland, supra, and therefore production is required as a matter of due process. Cf. Giles v. Maryland, 386 U.S. 66 (1967) (evidence of prior unchastity and mental condition of complaining witness); United States v. Keogh, 391 F.2d 138 (2nd Cir. 1968) (failure to disclose financial report which may have permitted impeachment of key government witness); Guerrero v. Beto, 384 F.2d 886 (5th Cir. 1968) (suppression of fact that eyewitness to crime initially failed to identify defendant in a lineup); Powell v. Wiman, 287 F.2d 275 (5th Cir. 1961) (failure to disclose evidence of mental instability on part of key prosecution witness). The thrust of these decisions is that the defense has a right to discover which evidence will impugn the credibility of government witnesses, and that failure to disclose such evidence violates due process.

Furthermore, effective confrontation and cross-examination of these witnesses, guaranteed by the Sixth Amendment would seem to require that this important impeaching material be made available to the defense.

Finally, this information is discoverable under Giglio v. United States, 405 U.S. 160 (1972), and United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977). Failure to provide

such impeaching information was held to be reversible error in the recent case of Bagley v. Lumpkin, 719 F.2d 1462 (9th Cir. 1983).

**E. INFORMATION REGARDING GOVERNMENT INFORMANT(S).**

Defendants are entitled to any and all information within the custody and control of the government which tends to impeach the credibility of the government informant(s). See, e.g., United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977); Davis v. Alaska, 415 U.S. 308 (1974); United States v. Sulton, 542 F.2d 1239 (4th Cir. 1976); Johnson v. Brewer, 521 F.2d 556 (8th Cir. 1975); Giglio v. United States, 450 U.S. 150 (1972).

**F. INFORMATION EXCULPATING DEFENDANT.**

Brady v. Maryland, supra, firmly established that the due process clause of the Fifth Amendment requires the government to turn over to the defendant all exculpatory evidence.

Defendant requests any exculpatory evidence known to the government or which becomes known, or which through the exercise of due diligence would become apparent. The government has a duty to turn over information which on its face is not exculpatory but which to a reasonable prudent man would suggest that further investigation would develop exculpatory evidence. See, e.g. Thomas v. United States, 343 F.2d 49, 53 (9th Cir. 1965), stating that "a conviction cannot stand where a prosecutor has either willfully or negligently withheld material evidence favorable to the defendant."

Thus, the prosecution has a duty to seek out exculpatory information in the hands of its agents, even if not now presently known to the government. Giles v. Maryland, supra.

Also, where doubt exists as to the usefulness of evidence, the government should resolve such doubts in favor of full disclosure, United States v. Van Brandy, 726 F.2d 548, 552 (9th Cir. 1984).

**II**

**CONCLUSION**

Based on the foregoing, it is respectfully requested that an Order compelling the government to disclose the requested discovery and Brady material be granted.

DATED: July 15, 2008

Respectfully submitted,

s/James J. Warner
Attorney for Defendant
SHAUN MICHAEL FITCH

JAMES J. WARNER, ESQ. CSBN 63137
LAW OFFICES OF JAMES J. WARNER
3233 Third Avenue
San Diego, CA 92103
Telephone: (619) 243-7333
Email: jjwlaw@jwarnerlaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN MICHAEL FITCH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 08cr1834-BTM<br><br>PROOF OF SERVICE |

I hereby certify that on July 15, 2008 I electronically filed Notice of Motion and Motion for Discovery, Exculpatory Evidence (Brady) and Inspection, Memorandum of Points and Authorities in Support of Motion for Discovery, Exculpatory Evidence (Brady) and Inspection with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the email addressed of the individuals listed on the attached electronic service list:

Sherri Walker Hobson, A.U.S.A.: Sherri.Hobson@usdoj.gov

Dated: July 15, 2008

Respectfully submitted,

s/James J. Warner
Attorney for Defendant