KAREN P. HEWITT
United States Attorney
SHERRI WALKER HOBSON
Assistant U.S. Attorney
California State Bar No. 185497
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5027

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHAUN MICHAEL FITCH,<br>Defendant. | Criminal Case No. 08cr1834-BTM<br><br>DATE: September 4, 2008<br>TIME: 1:30 p.m.<br><br>GOVERNMENT'S MOTION TO REVOKE CRIMINAL BOND FOR VIOLATION OF CONDITIONS OF RELEASE UNDER TITLE 18, UNITED STATES CODE, SECTION 3148<br><br>**UNDER SEAL** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Sherri Walker Hobson, Assistant United States Attorney, and hereby files its motion to revoke defendant's bond because of noncompliance with the conditions of pretrial release under Title 18, United States Code, Section 3143. (Exhibit 1 – Conditions of Defendant's Release)

## I

## GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S BOND

Pursuant to Title 18, United States Code, Section 3148, the United States moves to revoke defendant's criminal bond and ask that the defendant be remanded into custody. The United States does not seek to forfeit the criminal bond for these violations, however, warning letters will be mailed to the sureties of these allegations.

//

Under Section 3148, the United States may initiate a proceeding for revocation of an order of release by filing a motion with the district court. The district court shall enter an order of revocation and detention if, after a hearing, the court finds that there is probable cause to believe that the person has committed a federal, state, or local crime while on release, or clear and convincing evidence that the person has violated any other conditions of release; and finds that defendant cannot comply with Section 3142(g) and that the defendant is unlikely to abide by any condition or combination of conditions of release.

In particular, while on release, the United States charges that defendant violated Title 18, United States Code, Section 1513(b)(2), in that the defendant knowingly engaged in any conduct and thereby causes bodily injury to another person, or threatens to do so, with the intent to retaliate against said person, for any information provided by said person to a law enforcement officer, relating to the commission or possible commission of a federal offense.

Here, discovery was provided to the defense attorney through the search warrant affidavit (relevant portion attached and marked as Exhibit 2) about the confidential source/defendant (hereinafter "CD"). As noted in the search warrant affidavit, the CD has a pending federal criminal case, having pled guilty to money laundering (Exhibit 2). That criminal case is open to the public and available on PACERS. The CD requested confidentiality because in the agent's experience, the CD could suffer "physical, social, or emotional retribution" (Exhibit 2).

Here, defendant learned of the CD's identity and told a third party, who is a mutual friend of the defendant and of the CD, that the CD (who was named by the defendant) "ratted" and also "ratted" on Raul and Sambo (cocaine traffickers). The United States has attached the affidavit of Agent John Gieson (Exhibit 3). It is mentioned in the search warrant affidavit that the defendant "is known to sell quantities of cocaine." (Exhibit 2). The third party told Agent Gieson that defendant told him that "they have contacts, he (the CD) was going to die" and that "you don't have to worry about him (CD), he (CD) is going to die." Defendant also told the third party in earlier conversations that the CD, who "ratted" did not have to get "Danielle" involved (Danielle Lynch is the girlfriend of the defendant). Defendant mentioned the name of the CD.

**II**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that defendant be remanded into custody for violating the conditions of his release.

DATED: September 5, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

S/SHERRI WALKER HOBSON
SHERRI WALKER HOBSON
Assistant U.S. Attorney

08cr1834

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SHAUN FITCH (1), Defendant. | Case No. 08cr1834 CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Sherri Walker Hobson, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Motion to Revoke Defendant's Bond by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**James Warner, Esq.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2008.

s/ Sherri Walker Hobson
SHERRI WALKER HOBSON

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,** Plaintiff, ) **CRIMINAL CASE NO.** 08mj1476
v. )
Shawn Michael Fitch (1) ) **ORDER AND CONDITIONS OF PRETRIAL**
Defendant. ) **RELEASE: BAIL (18 U.S.C. § 3142(c))**

✓

A hearing was held to determine pretrial conditions of release of the defendant pursuant to 18 U.S.C. § 3142. The Federal Judge determined an unconditional release pursuant to 18 U.S.C.§ 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community. Thus, conditions of pretrial release are necessary pursuant to 18 U.S.C.§ 3142(c). ***Good cause appearing,***

**IT IS ORDERED** that the defendant shall be released subject to the condition that the defendant: ***(a) not commit a federal, state or local crime during the period of release, (b) make all court appearances and (c) comply with the conditions itemized below, as indicated by (✓), in accordance with 18 U.S.C.§ 3142(c)(2):***

**STANDARD CONDITIONS:**

✓ 1. restrict travel to ☐ San Diego County, ☑ Southern District of California, ☐ Central District of California, ☐ State of California, ☐ United States, ☐ do not enter Mexico, ☐ other:__________;

✓ 2. report for supervision to Pretrial Services Agency (PSA) as directed by the assigned PSO and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court;

✓ 3. not possess or use any narcotic drug or controlled substance, (defined in 21 U.S.C. § 802), without a lawful medical prescription;

✓ 4. not possess any firearm, dangerous weapon or destructive device during the pendency of the case;

✓ 5. read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Form;

✓ 6. provide a current residence address and phone number prior to release and keep it current while case pending.

**ADDITIONAL CONDITIONS:**

___ 7. be able to legally remain in the United States during pendency of the proceedings;

✓ 8. submit to treatment, and/or testing, as specified by the PSO, for:
☑ drugs or alcohol, and/or ☐ psychiatric or psychological counseling;

___ 9. participate in a Global Positioning System (GPS) satellite monitoring program ☐ active ☐ passive, including, release of defendant to PSA custody; and ☐ residence restrictions and/or ☐ permissive travel for employment. Defendant and sureties are responsible for GPS equipment loss or damage.
☐ submit to supervision and custody of __________; and/or
☐ remain at a specified residence (curfew) between the hours of ____ P.M. and ____ A.M. daily;

✓ 10. actively seek and maintain full-time employment, schooling, or combination of both;

✓ 11. execute a personal appearance bond in the amount of $ 25,000 secured by:
☒ a trust deed to the United States on real estate approved by a Federal Judge;
☐ the co-signatures of __________ financially responsible (related) adults;
☐ Nebbia Hearing ☐ Exam of Sureties ☐ other: __________

___ 12. provide the court with: ☐ a cash bond and/or ☐ execute a bail bond by an approved solvent corporate surety in the amount of $ ________ that covers <u>ALL</u> conditions of release (not just appearances).

___ 13. 18 U.S.C.§ 3142(d) hold until ______ ; if no detainer is lodged by then, these conditions take effect.

✓ 14. clear all warrants/FTA's within 60 days of release.

___ 15. all conditions previously set will remain the same.

___ 16. other conditions: Defendant is ordered to submit to drug testing twice with Pretrial Services; once when released from custody and once within 30 days of release. If either test is positive, then Pretrial Services is authorized to continue random drug testing of the defendant at reasonable times and places no more than 8 times per month or until further order of the court.

FILED
MAY 12 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

DATED: 5-12-08

[signature]
Federal Judge

cc: Defendant/Counsel & U.S. Pretrial Services

EXHIBIT 1

# AFFIDAVIT

I, John Gieson, state the following under penalty of perjury:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so for ten years. I am the DEA case agent in connection with United States v. Shaun Fitch, 08CR1834.

2. On or about August 22, 2008, I received a telephone call from a defense attorney, who represents the cooperating source/defendant (hereinafter "CD").[1] The defense attorney told me that the CD received a threat from Shaun Fitch through a third party. According to the CD, Shaun Fitch had gone to a mutual friend's house, Steve Swanson, and told Swanson that he knew the CD was a "rat" and that "he is dead." Steve Swanson immediately called the CD about the threat and the CD then called his attorney.

3. On August 27, 2008, myself and another agent interviewed Stephen Swanson concerning his contact with Shaun Fitch. Stephen Swanson told me that days earlier, at around 6:00 p.m., or 6:30 p.m., Shaun Fitch arrived at Swanson's residence. Present at this time were Stephen's wife Heidi and friend Matt King. According to Swason, Shaun Fitch made the following statements to Stephen Swanson:

(a) That Shaun Fitch's attorney told him that CD is the "informant" (the attorney provided the name of the CD);

(b) Shaun Fitch also stated that the CD also "ratted" on Raul (LNU) and Sambo (LNU);

(c) Shaun Fitch also stated that "Raul" and "Sambo" have contacts;

(d) Shaun Fitch said "they have contacts, he (CD) is going to die"

(e) Shaun Fitch also stated "you don't have to worry about him (CD), he (CD) is going to die."

4. Shaun Fitch became confrontational and Stephen Swanson became upset over Shaun Fitch's threats. Swanson stated to me that he believed that Shaun Fitch was "serious."

5. Stephen Swanson had spoken to Shaun Fitch on one prior occasion concerning the CD. Shortly after Shaun Fitch was released from jail, Shaun Fitch had left a piece of paper with his cell

---

[1] I purposely excluded the name of the CD on this affidavit, because this document along with the Government's motion is filed publicly. Shawn Fitch specifically mentioned the name of the CD.

EXHIBIT 2

phone number on Stephen Swanson's front door. Stephen Swanson called Shaun Fitch. Shaun Fitch told Stephen he knew the CD (Fitch named the CD) was the "rat" and stated "he did not have to get Danielle involved." Danielle is Danielle Lynch, Shaun Fitch's girlfriend who was also arrested and charged in this case.

Dated: September 4, 2008.

JOHN GIESON

3. In preparing this affidavit, I have conferred with other special agents and law enforcement officers who have experience conducting investigations regarding the cultivation of marijuana. Furthermore, I have personal knowledge of the following facts or have been informed of them by others.

## II

## LOCATIONS TO BE SEARCHED

4. This affidavit is submitted solely for the purpose of establishing probable cause to search each premises located at (1) 1307 El Corral Lane, San Marcos, California (hereinafter **"1307 El Corral Lane"**) and, (2) 644 Corte Galante, San Marcos, California (hereinafter "**644 Corte Galante**"), including all attached and unattached rooms, attics, basements, garages (including vehicles parked therein), storage areas, safes, briefcases, containers, trash areas within the residence, surrounding grounds and outbuildings assigned to or part of the location. Each location is further described in Attachment A.

5. This affidavit does not contain all of the information known to law enforcement regarding this investigation, but rather contains only those facts believed to be necessary to establish probable cause that evidence of marijuana cultivation and or money laundering will be found at the above premises.

6. I submit that the facts contained in this affidavit demonstrate that there is probable cause to believe that evidence of violation of Title 21, United States Code, Section 841(a)(1) (manufacture of a controlled substance, to wit, marijuana and marijuana plants) and/or Title 18, United States Code, Section 1956 (money laundering), including items listed in Attachment B, will be found at **1307 El Corral Lane** and **644 Corte Galante.**

## III

## FACTS ESTABLISHING PROBABLE CAUSE

### BACKGROUND OF INVESTIGATION

7. On January 15, 2008, Special Agent Harrison (IRS) and I interviewed a source of information (hereinafter "SOI#1") who related Shaun Fitch operates a clandestine indoor marijuana grow house and possibly a second location. The last time the SOI#1 had been to Shaun Fitch's house and



EXHIBIT3

witnessed the growing of the marijuana plants was around April of 2007. The SOI#1 did not know the exact address of the marijuana grow location but described the location as being in the Lake San Marcos area of San Marcos. The SOI#1 has not been to the second location but believed it was also in the Lake San Marcos area. The SOI further related that Shaun Fitch is known to sell quantities of cocaine. I identified Shaun Fitch as having a date of birth of June 30, 1982. On January 25, 2008, I showed a California Department of Motor Vehicle photo of Shaun Fitch to the SOI#1. The SOI#1 positively identified Shaun Fitch as the person he described above. The SOI#1 further identified **1307 El Corral Lane** as Shaun Fitch's residence being used to cultivate marijuana as described above.

8. The SOI#1 is currently facing charges in an open criminal prosecution, but has agreed to cooperate with law enforcement. No promises have been made to the SOI#1 in exchange for her/his cooperation other than the amount and degree of the cooperation will be made known to the prosecutor, who may then be inclined to recommend some kind of sentencing consideration. The SOI#1 has entered a guilty plea in federal court involving the laundering of drug proceeds (with a 20 year maximum) and is awaiting sentencing. Despite these pending charges, I believe the SOI#1 information is accurate because the information given to me was subsequently corroborated by other law enforcement sources and me.

9. I desire to keep the SOI#1 confidential because she/he has requested me to do so, because it is my training and experience that such SOI#1's suffer physical, social or emotional retribution when their identities are revealed; because it is my experience that to reveal the identity of such SOI#1's seriously impairs their utility to law enforcement; and because it is my experience that revealing the identity of such SOI#1's dissuades other citizens from disclosing confidential information about criminal activities to law officers. The SOI#1 is not a percipient witness of any of the below events.